UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| David J. Rice | ) | Case # 18-40777-705 |
| | ) | Chapter 7 |
| | ) | |
| Debtor(s) | ) | Hearing Date: September 24, 2019 |
| | ) | Hearing Time: 9:30 am |
| | ) | Response Due Date: September 17, 2019 |
| | ) | Hearing Location: 7 South |

**CHAPTER 7 TRUSTEE'S MOTION TO (I) APPROVE A SHORT SALE OF REAL
PROPERTY FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND
INTERESTS PURSUANT TO 11 U.S.C. § 363(b), (f), AND (m),
(II) SURCHARGE AGREEMENT BETWEEN SECURED CREDITORS AND THE
ESTATE, AND (III ) OTHER RELIEF**

**NOTICE OF HEARING**

PLEASE TAKE NOTICE that on September 24, 2019 at the hour of 9:30 a.m., or as soon
thereafter as counsel can be heard, the undersigned will call for hearing in this Court the Chapter
7 Trustee's Motion to (I) Approve a Short Sale of Real Property Free and Clear of Liens, Claims,
Encumbrances, and Interests pursuant to 11 U.S.C. Section 363 (b), (f) and (m), (II) Surcharge
Agreement Between Secured Creditors and the Estate and (III) Other Relief, in United States
Bankruptcy Court, Courtroom 7 South, 111 S. 10th Street, St. Louis, MO 63102. You may be
present at that time and be heard.

**WARNING: THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT
YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT
THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING
PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO
THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE BY
SEPTEMBER 17, 2019.  YOUR RESPONSE MUST STATE WHY THE MOTION
SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE
RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU
OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST
ATTEND THE HEARING. THE DATE IS SET OUT ABOVE. UNLESS THE PARTIES
AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING
AND MAY DECIDE THE MOTION AT THE HEARING. REPRESENTED PARTIES
SHOULD ACT THROUGH THEIR ATTORNEYS.**

Tracy A. Brown (the "Trustee"), duly appointed Chapter 7 Trustee for the above referenced debtor (the "Debtor") pursuant to Sections 105 and 363 of the Bankruptcy Code hereby files this motion ("Motion") for entry of an order for authority to sell certain real property free and clear of all liens, encumbrances, and interests.  In support thereof, the Trustee respectfully states as follows:

JURISDICTION

1.      This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A), (M), (N), and (O).

2.      Venue is proper before this Court pursuant to 28 U.S.C. §§1408 and 1409.

3.      The basis for the relief requested are 11 U.S.C. §§ 363(b), (f), and (m), Federal Rules of Bankruptcy Procedure 2002 and 6004.

BACKGROUND

4.      On February 13, 2018 the Debtor commenced this case by filing a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code (the "Petition Date").

5.      Tracy A. Brown is the duly appointed and qualified Chapter 7 Trustee.

6.      The Trustee held and concluded the 341 meeting of creditors on March 9, 2019.

7.      The Debtor scheduled a 100% ownership interest in the real property located at 2020 Foggy Bottom Drive Florissant, MO 63031 (the "Property") and legally described as follows:

Lot 895 of PLEASANT HOLLOW PLAT TWO-A, a subdivision in St. Louis County, Missouri, according to the plat thereof recorded in Plat Book 143, Page 10 of the St. Louis County Records.

8.      The Debtor scheduled the Property as having a value of $76,500.00 and subject to mortgages in favor of SunTrust Mortgage, Inc. (serviced by Bayview Loan Servicing) and Busey

Bank (the "Secured Creditors") in the amounts owed on the Petition Date of approximately $64,679.84 and $25,071.47, respectively.

9.  The Trustee, after reviewing certain materials, including (without limitation) the BK Score™[1], sales analysis report and opinion of value for the Property provided by BK Global ("BKRES") and Listing Agent, has determined it to be in the best interest of the Debtor's estate and all creditors to negotiate to obtain Secured Creditors' agreement and consent ("Consent") to:

a.  sell the Property to whichever third party Trustee determines to have made the best qualified offer during a public sale approved by the Court;

b.  buy the Property from the Debtor's estate if (and only if) no such offer is made;

c.  release the senior mortgage and junior mortgage and otherwise waive all of their claims against the estate with respect to the Property (including any deficiency claims resulting from the proposed sale); and

d.  agree to a 11 U.S.C. § 506 surcharge to pay all of the expenses associated with the proposed sale, including the payment of a 6% real estate brokerage commission to BKRES and Listing Agent and reimbursement of their out-of-pocket expenses, and provide a carve out for the benefit of allowed unsecured creditors of the Debtor's estate.

10. The Secured Creditors have represented and warranted that they possesses a valid, perfected, enforceable and unavoidable first and second mortgage liens on the Property by virtue of promissory notes and mortgages recorded in the Official Records of St. Louis County, MO, consisting of principal and interest (the "Secured Creditor Indebtedness").

---

[1] The BK Score™ is a 100-point rating that is generated by a proprietary algorithm from 10 unique property attributes in order to consistently measure sales confidence and predict market value.

3

RELIEF REQUESTED

11.      The Trustee requests the entry of an order pursuant to Section 363 of the Bankruptcy Code approving the sale of the Property, using the services of BKRES and Listing Agent, free and clear of all liens, claims, encumbrances, and interests.  As a material inducement to the Trustee's decision to pursue the proposed sale, the Secured Creditors consents to the Property's sale and the creation of a carve-out fund (the "Carve-Out Fund") that will provide for the costs of this case to be paid and provide a recovery for other creditors.  The Trustee requests that any creditor (other than the Secured Creditors) asserting an interest or secured claim against the Property be required to assert no later than the Response Due Date set forth above prior to the hearing on the instant Motion, and substantiate the basis for such asserted interest or secured claim, or the Court will authorize the sale of the Property free and clear of any such asserted interest or security interest, with such claims, at best, being treated as a general unsecured claim.

BASIS FOR RELIEF

A.      The Sale of the Property Should Be Approved

12.      The Trustee seeks the Court's authority to sell the Property free and clear of all liens, claims, encumbrances, and interests, but otherwise "As-Is, Where-Is" and without representations or warranties of any type, express or implied, being given by the Trustee and his professionals, pursuant to the Sale procedures described below.

13.      Pursuant to Section 363(b) of the Bankruptcy Code, a Trustee, after notice and hearing, may use, sell, or lease property of the Debtor's estate other than in the ordinary course of business. The Court should approve the sale if the Trustee can demonstrate a sound business justification for the sale and if the sale process is fair, open, and reasonable. *See Official Comm. Of Unsecured Creditors of LTV Aerospace & Defense Co. v. LTV Corp. (In re Chateaugay Corp.)*,

4

973 F.2d 141, 143 (2d Cir. 1992); *see also In re Sarah's Tent, LLC*, 396 B.R. 571, 573 (Bankr. S.D. Fla. 2008). Further, Bankruptcy Rule 6004(f) contemplates sales outside of the ordinary course of business.

14.     The Trustee, through the services of BKRES and Listing Agent, have listed the property and accepted an offer that has been approved by the Secured Credito(s and will result in the Bankruptcy Estate receiving funds at closing in the amount of $6500.00. Attached as Exhibits "A", "B" and "C" respectively are the proposed settlement statement and letter(s) of consent/approval from the Secured Creditors.

15.     Accordingly, the Trustee submits that the sale of the Property pursuant to the above process is reasonable under Section 363(b) of the Bankruptcy Code.

B.     The Sale of the Property Should Be Approved Free and Clear of All Interests

16.     Pursuant to Section 363(f) of the Bankruptcy Code, the Trustee may sell property free and clear of any interest in such property in an entity other than the estate if (1) permitted under applicable non-bankruptcy law; (2) the party asserting such interest consents; (3) the interest is a lien and the purchase price at which the property is to be sold is greater than the aggregate value of all liens on the property; (4) the interest is the subject of a bona fide dispute; or (5) the party asserting the interest could be compelled, in a legal or equitable proceeding, to accept a money satisfaction for such interest. *See In re Smart World Techs.*, LLC, 423 F.3d 166, 169 n.3 (2d Cir. 2005) ("Section 363 permits sales of assets free and clear of claims and interests . . . It

thus allows purchasers . . . to acquire assets [from a debtor] without any accompanying liabilities."); *see also In re MMH Auto. Group, LLC*, 385 B.R. 347, 367 (Bankr. S.D. Fla. 2008).

17.    The Trustee states that he shall satisfy Section 363(f)(2) of the Bankruptcy Code because the Secured Creditors consents to a sale of the property under Section 363(f)(2) of the Bankruptcy Code, free and clear of all liens, claims, encumbrances, and interests.

18.    The Trustee requests that any creditor (other than the Secured Creditors) asserting an interest or secured claim against the Property, after proper notice is given, be required to timely assert and substantiate the basis for such asserted interest or secured claim, by filing and serving responsive papers no later than 5 days prior to the hearing on the instant Motion, or the Court will authorize the sale of the Property free and clear of any such asserted interest or security interest, with such claims, at best, being treated as a general unsecured claim.[2]  Failure to object after proper notice and opportunity to object is deemed consent.  *See BAC Home Loans Servicing LP v.* Grassi, 2011 WL 6096509 (1st Cir. BAP Nov. 21, 2011); *Citicorp Homeowners Servs., Inc. v.* Elliott, 94 B.R. 343 (E.D. Pa. 1988); *In re* Gabel, 61 B.R. 661 (Bankr. W.D. La. 1985); *Futuresourse LLC v. Reuters Ltd.*, 312 F.3d 281 (7th Cir.); *In re Harbour E. Dev., Ltd.*, 2012WL1851015, at *12 (Bankr. S.D. Fla., May 21, 2012).

19.    Accordingly, under Section 363(f)(2) of the Bankruptcy Code, the Trustee seeks authority to sell the Property free and clear of all liens, claims, encumbrances, and interests but otherwise "As-Is, Where-Is" and without representations or warranties of any type given by the Trustee or his professionals. Notwithstanding that the Trustee will seek authority to execute all documents and instruments he deems reasonable, necessary and/or desirable to close the sale, the

---

[2] The Trustee reserves the right to dispute the alleged amount of any such claim both to validity and amount.

Case 18-40777   Doc 36   Filed 08/20/19   Entered 08/20/19 14:42:03   Main Document
Pg 7 of 10

only documents that the Trustee shall be required to deliver to close shall be (a) a Trustee's Deed, and (b) a copy of the Final Sale Order.

20.     The Secured Creditors agree to pay at closing (1) all outstanding real estate taxes and Metropolitan Sewer District fees, including any prorated amounts due for the current tax year; (2) if applicable, the lesser of any HOA fees accrued post-petition or the equivalent to twelve months' assessments and (3) all closing costs excluding professional fees; (4) the carve out to the Trustee.  Any payments by the Secured Creditors as stated herein shall be subject to any and all limitations on the Secured Creditors' liability for any fees and costs under applicable law.

C.      The Sale Will Be Undertaken by the Buyer in Good Faith

21.     Section 363(m) of the Bankruptcy Code protects a good faith purchaser's interest in property purchased from a debtor notwithstanding that the sale conducted under section 363(b) was later reversed or modified on appeal.

22.     The sale should be found to have been in good faith if the Trustee can demonstrate the transaction occurred at arm's-length and without fraud or collusion. *See Kabro Assocs. of West Islip, LLC v. Colony Hill Assocs. (In re Colony Hill Assocs.)*, 111 F.3d 269, 276 (2d Cir. 1997) ("Typically, the misconduct that would destroy a purchaser's good faith status at a judicial sale involves fraud, collusion between the purchaser and other bidders or the trustee, or an attempt to take grossly unfair advantage of other bidders." (citation omitted)); see *also In re Lorraine Brooke Associates, Inc.*, No. 07-12641 2007 WL 2257608 (Bankr. S.D. Fla. Aug. 2, 2007) (holding that a sale was entitled to the protections of Section 363(m) of the Bankruptcy Code when it was based upon arm's length bargaining and without collusion).

23.     The Trustee asserts that the sale of the Property will utilize a competitive and transparent marketplace that facilitates an arm's-length sale without fraud or collusion.

Accordingly, the Trustee respectfully requests that the Court find that the purchaser(s) will be entitled to the protections of Section 363(m) of the Bankruptcy Code.

24.     The Trustee further states that:

(a)     the Trustee has reviewed the tax implications of the proposed Sale and has determined that the proposed sale will not result in a capital gains tax event to the estate or other taxable event which would negate the benefit realized from the Carve Out;

(b)     the Trustee has determined, based upon a review of the schedules and information derived from the 341 meeting, that there will likely be a meaningful distribution to creditors based upon the understanding that the final sale price and the total dollar amount of claims to be filed in this case are both unknown and can only be estimated at this time; and

(c)     Given the information available at this time, the Trustee has made an educated evaluation and determined that the proposed Sale is in the best interest of the estate and its creditors.

25. The Trustee respectfully requests that this Court: (a) waive the 14 day stay pursuant to Rule 6004(h), deem the sale order enforceable immediately upon entry, and authorize the Trustee to close on the sale immediately upon entry of the Final Sale Order; (b) authorize the Trustee to take all actions and execute all documents he deems reasonable, necessary and/or desirable to effectuate the requested relief; (c) retain sole and exclusive personal subject matter jurisdiction to implement, interpret and enforce the terms of the this Motion and the Final Sale Order; and (d) adjudicate all claims, controversies and/or disputes arising from or related to the proposed sale.

## CONCLUSION

WHEREFORE, the Trustee respectfully requests that the Court enters an Order approving the short sale of the Property pursuant to Sections 105 and 363 of the Bankruptcy Code and for

such other and further relief as this Court deems just and equitable under the circumstances of the

case.

RESPECTFULLY SUBMITTED,

/s/Gary L. Vincent
Gary L. Vincent MO 26458
The Law Office of Tracy A. Brown, P.C.
1034 Brentwood Blvd., #1830
St. Louis, MO 63117
Phone: (314) 644-0303
E-mail:tabtrusteeatty@bktab.com

9

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing document was filed electronically on August 20, 2019 with the United States Bankruptcy Court, and has been served on the parties in interest via e-mail by the Court's CM/ECF System as listed on the Court's Electronic Mail Notice List.

I certify that a true and correct copy of the foregoing document was filed electronically with the United States Bankruptcy Court, and has been served by Regular United States Mail Service, postage fully pre-paid, addressed to those parties listed below and on the attached matrix on August 20, 2019:

Busey Bank
12300 Olive Blvd.
Creve Coeur, MO 63141

Bayview Loan Servicing, LLC
4425 Ponce de Leon, Blvd., 5th Floor
Coral Gables, FL 33146

BK Global
Judy Johnson
Account Representative
1095 Broken Sound Pkwy., Suite 100
Boca Raton, FL 33487

/s/ Debbie Gibson