UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No.: 18-40777-705 |
| David J. Rice, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | Re: Docket No. 36 |
| | ) | |

**ORDER GRANTING CHAPTER 7 TRUSTEE'S MOTION TO APPROVE (I) A SHORT SALE OF REAL PROPERTY FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES AND INTERESTS PURSUANT TO 11 U.S.C. § 363(B), (F), AND (M) (II) A SURCHARE AGREEMENT BETWEEN SECURED CREDITORS AND THE ESTATE, AND (III) OTHER RELIEF**

THIS CAUSE came before the Court for hearing (the "Sale Hearing") upon the Chapter 7 Trustee's Motion to Approve (I) a Short Sale of Real Property Free and Clear of Liens, Claims, Encumbrances, and Interests pursuant to 11 U.S.C. Section 363 (b), (f) and (m), (II) a Surcharge Agreement Between Secured Creditors and the Estate and (III) Other Relief [Docket No. 36] (the "Sale Motion"), by which Tracy A. Brown (the "Trustee"), Chapter 7 Trustee for the above-referenced debtor ("Debtor"), seeks authority to sell, free and clear of all liens, claims encumbrances, and interests, certain real property owned by Debtor, commonly known as 2020 Foggy Bottom Drive, Florissant, MO 63031 (the "Property") and legally described as follows:

> Lot 895 of PLEASANT HOLLOW PLAT TWO-A, a subdivision in St. Louis County, Missouri, according to the plat thereof recorded in Plat Book 143, Page 10 of the St. Louis County Records.

For the reasons set forth in the Sale Motion, the Trustee has demonstrated that the sale of the Property on the terms contained in the Sale Motion is in the best interests of the Debtor's estate. Accordingly, it is hereby

**ORDERED AND ADJUDGED** as follows:

1.   The relief requested in the Sale Motion is **GRANTED** and the sale of the Property by the Trustee pursuant to 363(b), (f) and (m) free and clear of all liens, claims, encumbrances,

1

and interests, using the services of BK Global ("BKRES") is hereby **APPROVED**, subject to the terms and conditions herein.

2. Notice of the Sale Motion was proper, and no objections to the Sale Motion were timely filed. Thus, to the extent any creditor (other than the Secured Creditors) asserts an interest or secured claim against the Property, such creditor is deemed to have consented to entry of this Order, and such creditor's claim shall not be a secured claim. To the extent any creditor asserts a claim against the Property (i.e., junior lienholders), such creditor shall be entitled to file a proof of claim pursuant to F.R.B.P. Rule 3002(c)(3).

3. Except as provided in the sale documents, upon the Closing Date the Property shall be transferred to the Buyer[1] free and clear of all encumbrances arising prior to the Closing Date or arising from or relating to acts occurring prior to the Closing Date, and any such substantiated interest, claims, liens or encumbrances, if any, shall be deemed general unsecured claims.

4. If any person or entity that has filed a financing statement or other documents or agreements evidencing interest, claims, liens or encumbrances on the Property does not timely deliver to the Trustee prior to the Closing Date—in proper form for filing and executed by the appropriate parties—termination statements, instruments of satisfaction, and/or releases of all encumbrances which the person or entity has with respect to the Property, the Buyer is hereby authorized to execute and file such statements, instruments, releases and other documents on behalf of the person or entity with respect to the Property. The foregoing notwithstanding, the provisions of this Order authorizing the sale and assignment of the Property free and clear of encumbrances shall be self-executing, and notwithstanding the failure of the Buyer, the Trustee, or any other party to execute, file or obtain releases, termination statements, assignments, consents or other

---

[1] The Buyer has been identified as STL Houses Funding.

2

instruments to effectuate and implement the provisions of this Order or the sale documents, respectively, all encumbrances on the Property shall be deemed divested, released and terminated.

5. The Trustee is authorized to pay the Secured Creditors, SunTrust Mortgage, Inc. (serviced by Bayview Loan Servicing) and Busey Bank such amounts as are agreeable to the Secured Creditor(s) to release their liens and fully satisfy the underlying obligations.

6. The Trustee is authorized to take any and all actions and to execute any and all documents necessary and appropriate to effectuate and consummate the terms of said sale, including, executing a Trustee's Deed conveying the interests of the Debtor and the bankruptcy estate in the Property to the Buyer.

7. Pursuant to Section 363(f) of the Bankruptcy Code, effective upon closing, the sale of the Property will vest in the Buyer all right, title and interest of the Debtor and the bankruptcy estate in the Property, free and clear of the liens, claims or interests of the Debtor and the Secured Creditors (collectively, the "Affected Interests").

8. This Order is and shall be effective as a determination that, upon and subject to the occurrence of the closing of the sale, all Affected Interests have been and hereby are adjudged and declared to be unconditionally released as to the Property.

9. The Buyer has not assumed any liabilities of the Debtor.

10. The Trustee, and any escrow agent upon the Trustee's written instruction, shall be authorized to make such disbursements on or after the closing of the sale as are required by the purchase agreement or order of this Court, including, but not limited to, (a) payment of such amounts as are agreeable to the Secured Creditors to release their liens; (b) payment of all delinquent real property taxes and outstanding post-petition real property taxes pro-rated as of the closing; (c) payment of all delinquent Metropolitan Sewer District fees and outstanding post-

petition fees pro-rated as of the closing; (d) payment of a sales/broker's commission of 6% payable to BKRES and the listing agent, Opulence Way Realtor, LLC, as their interest may appear; (e) payment of all other customary prorations and closing costs; and (f) payment of the Carve Out to the Trustee in the amount of $6,500.00.

11. Except as otherwise provided in the Motion, the Property shall be sold, transferred, and delivered to Buyer on an "as is, where is" or "with all faults" basis and without representations or warranties of any type, express or implied, being given by the Trustee and her professionals. Any personal property left on the Property shall be the responsibility of the Buyer.

12. Buyer is approved as a buyer in good faith in accordance with Section 363(m) of the Bankruptcy Code, and Buyer shall be entitled to all protections of Section 363(m) of the Bankruptcy Code.

13. This Court retains jurisdiction to enforce and implement the terms and provisions of this Order and the purchase agreement, all amendments thereto, any waivers and consents thereunder, and each of the documents executed in connection therewith in all respects.

14. The 14 day stay pursuant to Rule 6004(h) is hereby waived and this Sale Order shall be enforceable immediately upon entry, and the Trustee is authorized to close on the sale immediately upon entry.

DATED:  November 26, 2019
St. Louis, Missouri 63102
mtc

CHARLES E. RENDLEN
U.S. Bankruptcy Judge

Order prepared by:
Gary L. Vincent
Law Office of Tracy A. Brown
1034 S. Brentwood Blvd, Suite 1830
St. Louis, MO 63114


Copies sent to:

Office of the United States Trustee
111 S. 10th Street, Suite 6353
St. Louis, MO 63102

Busey Bank
12300 Olive Blvd.
Creve Coeur, MO 63141

Bayview Loan Servicing, LLC
4425 Ponce de Leon, Blvd., 5th Floor
Coral Gables, FL 33146

Lisa C. Billman
Southlaw, PC
13160 Foster Suite 100
Overland Park, KS 66213-2660

BK Global
Judy Johnson
Account Representative
1095 Broken Sound Pkwy., Suite 100
Boca Raton, FL 33487

Kim Baro
Baro Law Firm
1605 N. Florissant Blvd.
Florissant, MO 63031

David J. Rice
2105 Foggy Bottom Drive
Florissant, MO 63031

All parties on the matrix